UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal No. 18-10467-LTS |
| ANGEL JAVIER MORELL-ONEILL, | ) ) ) | |
| Defendant. | ) ) | |

ORDER ON DEFENDANT'S MOTION TO CANCEL HEARING (DOC. NO. 87)

October 1, 2020

SOROKIN, J.

Defendant Angel Javier Morell-Oneill was indicted by a grand jury on July 31, 2019 for possession of more than 400 grams of fentanyl with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), unlawful reentry of a deported alien, in violation of 8 U.S.C. § 1326, and being an illegal alien in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(5)(A). Doc. No. 27.[1]

Morell-Oneill previously moved to suppress various statements he made following his arrest, Doc. No. 76 at 12, various statements made by his girlfriend or wife Sussy Soto-Medina, id., drugs and a firearm recovered pursuant to a search warrant from the apartment in which Soto-Medina lived, id. at 27, and evidence gathered from seven cellphones, pursuant to another search warrant, id. at 32. The Court denied Morell-Oneill's motion in its entirety except with regard to Morell-Oneill's own statements made at the scene of his arrest. Doc. No. 85. As to

---

[1] Citations to "Doc. No. __" reference documents appearing on the court's electronic docketing system; pincites are to the page numbers in the ECF header.

these statements, the Court found that Morrell-Oneill's affidavit, Doc. No. 80, regarding the circumstances of his questioning raised a factual dispute over whether his statements were involuntary or were solicited in violation of the Miranda doctrine. Id. at 5 (citing Miranda v. Arizona, 384 U.S. 436, 478–79 (1966)). The Court therefore reserved judgment on these statements pending an evidentiary hearing scheduled for October 7, 2020. Id. at 1.

Morell-Oneill has now filed a Motion to Cancel (Doc. No. 87) the evidentiary hearing scheduled by the Court to resolve his Motion to Suppress (Doc. No. 76). As grounds, Morell-Oneill reports that "he has opted not to testify at a hearing on the motion to suppress statements, thus obviating the need for a[n] evidentiary hearing." Id. at 1.

A criminal defendant bears the "burden of demonstrating a factual dispute that would warrant an evidentiary hearing" on whether his statements to law enforcement officers were involuntary. United States v. Phillipos, 849 F.3d 464, 468 (1st Cir. 2017). In determining whether a factual dispute exists, a District Court may disregard a defendant's affidavit as "illusory" if the defendant is unwilling to testify and subject himself to cross-examination. See id. 468–69. Having reviewed the record, the Court finds that, in the absence of Morell-Oneill's affidavit, there is no factual dispute over whether his statements at the scene of his arrest were voluntary.

Applying the same principle to Morell-Oneill's contention that his statements were solicited in violation of Miranda, the Court similarly concludes that there is no factual dispute regarding whether he was informed of his Miranda rights prior to questioning.

Accordingly, the Defendant's Motion to Cancel (Doc. No. 87) the evidentiary hearing set for October 7, 2020 is ALLOWED. The Defendant's Motion to Suppress (Doc. No. 76) his statements at the scene of his arrest as involuntary and violative of Miranda is DENIED. The

record before the Court demonstrates that the officers gave Morell-Oneill Miranda warnings and that the statements he made were voluntary.

The Clerk shall schedule a status conference for October 20, 2020 at 3 p.m.  As the defendant has requested additional time to confer with counsel regarding his options, the Court will issue a separate excludable time order.

SO ORDERED.


 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge